Johnson J.
delivered the opinion of the Court.
The case alluded to by the presiding Judge, was decided at the last sittings in Charleston, but 1 have not preserved the title of it.* The rule laid down, was, that if the statute had fully run out, and the debt was actually barred, a promise to pay was necessary to revive it. It strikes me, however, that this case is clearly brought, within it: For I cannot conceive a more explicit promise to pay, than was here made. As to its being a conditional promise, I doubt whether, under any circumstances, a debtor in promising to pay a debt barred by the statute, can prescribe any conditions to the payment, other than such as entered into the original contract: Here, however, the expression that he would pay when he collected money due him, and out of which a condition is supposed to arise, to pay when he shall collect the money, appears evidently to be a reason for not paying the money then, and not a condition. The judgment of the Circuit Court reversing the judgment of the magistrate is, therefore reversed; and the appeal from that judgment is dismissed.

 Vide Young v. Monpoey, and Cohen & Nesbit v. Aubin. post